1

2

3

4

5

6                      UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8    JOHN THEISS,                              CASE NO. C19-1682 RSM

9              Plaintiff,                       ORDER DENYING DEFENDANT'S
                                               MOTION TO TRANSFER VENUE FOR
10        v.                                   CONVENIENCE

11   SAN JUAN CONSTRUCTION, INC., a
     Colorado Corporation,
12
               Defendant.
13

14                   **I.      INTRODUCTION**

15        This matter is before the Court on Defendant San Juan Construction, Inc.'s 28 U.S.C.

16   § 1401(a) Motion to Transfer Venue for Convenience.  Dkt. #5.  Plaintiff opposes Defendant's

17   efforts to move this matter to the District of Colorado.  Dkt. #9.  Having considered the motion

18   and the parties' arguments, the Court denies Defendant's motion.

19                   **II.      BACKGROUND**

20        Defendant San Juan Construction, Inc., incorporated in and operating from the State of

21   Colorado, sought to hire Plaintiff John Theiss as its Chief Operating Officer with a plan for him

22   to transition to its Chief Executive Officer.  Dkt. #6 at ¶¶ 2–3.  Plaintiff was unable to move away

23   from his home in Seattle because of family obligations.  Dkt. #10 at ¶ 22.  The parties agreed, in

24   an employment offer letter, that Plaintiff would "be allowed to complete work for [Defendant]

     ORDER – 1

1 | from [his] personal residence in Seattle WA" but that his presence in Colorado was also necessary

2 | "for at least a few days every other week." Dkt. #6-1 at 2. Plaintiff's employment lasted from

3 | May 2017 until it was terminated in August 2019. Dkt. #1-2 at ¶ 1.1.

4 |     This action arises from Plaintiff's termination. Plaintiff's primary contention is that his

5 | termination was not "for cause" and that he is accordingly owed severance under the parties'

6 | agreement. *Id.* at ¶ 4.2.[1] He maintains that it was his hard work that kept Defendant from

7 | financial ruin and that any alleged "cause" for his termination was concocted by Defendant to

8 | avoid its severance obligations. *Id.* at ¶¶ 3.3–3.4. Conversely, Defendant maintains that Plaintiff

9 | was terminated for cause because he failed to adequately perform his obligations, violated his

10 | fiduciary duty, and harmed Defendant's business. Dkt. #6 at ¶¶ 3, 11.

11 | **III.    DISCUSSION**

12 | **A. Legal Standard**

13 |     "For the convenience of parties and witnesses, in the interest of justice," district courts

14 | have the discretion to "transfer any civil action to any other district or division where it might

15 | have been brought." 28 U.S.C. § 1404(a); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d

16 | 495, 498 (9th Cir. 2000). District courts are to "balance the preference accorded the plaintiff's

17 | choice of forum with the burden of litigating in an inconvenient forum." *Gherebi v. Bush*, 352

18 | F.3d 1278, 1302 (9th Cir. 2003). As such, the burden is on the defendants to demonstrate that

19 | the transfer is warranted and "[t]he defendant must make a strong showing of inconvenience to

20 | warrant upsetting the plaintiff's choice of forum." *Id.*; *Saleh v. Titan Corp.*, 361 F. Supp. 2d

21 | 1152, 1155 (C.D. Cal. 2005).

22 |

23 |

24 | [1] Plaintiff also asserts that Defendant breached its duty of good faith and fair dealing and violated Chapter 49.52 of the Revised Code of Washington. Dkt. #1-2 at ¶¶ 4.3–4.4.

ORDER – 2

The purpose underlying the statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotation marks and citation omitted). Accordingly, district courts are to consider numerous factors in determining whether a transfer for convenience is appropriate:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. District courts may also consider the public interest in making such a determination. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (enumerating certain "public factors").

**B. Transfer of Venue Is Not Appropriate**

The parties do not dispute that this matter could have been brought in the District of Colorado. Dkt. #5 at 5–6; Dkt. #9 at 13. Likewise, Defendant does not challenge the Court's personal jurisdiction or that the Western District of Washington is a permissible venue. *See* Dkt. #7 at ¶ 2.1; Dkt. #5. Accordingly, the Court's consideration is focused broadly on the "convenience of parties and witnesses" and "the interest of justice."

Each of the parties have compelling factors supporting their preferred venue. The most immediate consideration is Plaintiff's choice to bring this action in Washington. Dkt. #1-2. Conversely, there is little argument that the terms of the employment offer letter—by express provision—are to "be governed by the laws of the State of Colorado without regard to conflict of law principles." Dkt. #6-1 at 5. The central dispute in this case remains whether Plaintiff's

ORDER – 3

termination was for cause and Plaintiff cannot contest, and the Court acknowledges, that the judges of the District of Colorado, are therefore more familiar with the governing law.

Many of the other relevant factors in this case are a wash. The negotiations of the contract occurred in Washington, Colorado, and Texas, with each party executing the employment offer letter in its own home forum. Dkt. #6 at ¶ 16; Dkt. #10 at ¶¶ 22–23. Each of the parties has extensive contacts with the two venues, Plaintiff having agreed to work regularly within Colorado, Defendant regularly conducting business in Washington, and Plaintiff performing work for Defendant in both venues. *See generally*, Dkts. #6, #10, and #13. The record does not support a consideration of the relevant costs of litigating in each venue, beyond Defendant arguing that relevant records are stored in Colorado. But, "[i]n this age where technology and email dominate the transfer of information, transfer is not justified merely based on the fact that documents are located in a different forum." *Cats v. NextAlarm.Com, Inc.*, Case No. C08-1096RSM, 2008 WL 11343657 at *3 (W.D. Wash. Nov. 13, 2008) (citing *Gates Learjet Corp v. Jensen*, 743 F.2d 1325 (9th Cir. 1984)). While some sources of proof may be more readily available in Colorado, the factor does not weigh sizably on venue.

Accordingly, witness accommodation appears to be the primary consideration for the Court. *Saleh*, 361 F. Supp. 2d at 1160 ("The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a).") (citations omitted). Each party argues that its preferred venue will best accommodate the majority of witnesses in this action.

> Importantly, "[w]hile the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor." In determining whether this factor weighs in favor of transfer, the court must consider not simply how many witnesses each side has and the location of each, but, rather, the court must consider the importance of the witnesses.

*Saleh*, 361 F. Supp. 2d at 1160–61 (internal citations omitted, alteration in original).

ORDER – 4

The parties support their arguments for witness convenience by citing to the potential witnesses that may be necessary to support their positions. Defendant relies primarily on a significant list of its executive level employees and board members that will testify to Plaintiff's performance. Dkt. #6 at ¶¶ 9–12; Dkt. #5 at 10–11. But, as Plaintiff notes, non-party witnesses are the more appropriate consideration. *Saleh*, 361 F. Supp. 2d at 1160. Accordingly, Plaintiff provides a list of third party witnesses located in Seattle that have knowledge of his work for Defendant and a list of possible witnesses residing outside of Colorado. Dkt. #10 at ¶¶ 27–33. But, as Defendant likewise points out, these witnesses may be of limited use in the case, weighing against their importance to the Court's consideration. Dkt. #12 at 5–8.[2]

Ultimately, the Court is unable to conclude that Defendant's preferred venue will be more convenient than the venue chosen by Plaintiff. Each venue presents certain advantages and certain drawbacks. Because the burden is on Defendant to demonstrate that transfer is appropriate, the Court cannot conclude that Defendant has carried its burden here. This decision similarly coincides with the interests of justice in allowing the matter to go forward in the appropriate venue of Plaintiff's choosing.

//

//

//

//

//

//

---

[2] Defendant likewise raises additional possible witnesses on reply. Dkt. #13 at ¶¶ 8, 22–23. But the Court need not consider facts introduced in the reply and does not find that these possible witnesses significantly alter the Court's evaluation.

ORDER – 5

# IV. CONCLUSION

Having considered Defendant's Motion, the relevant briefing and evidence, and the remainder of the record, the Court hereby finds and ORDERS that Defendant San Juan Construction, Inc.'s 28 U.S.C. § 1401(a) Motion to Transfer Venue for Convenience (Dkt. #5) is DENIED.

Dated this 13th day of February 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6